

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mrs. B. B. Sapp, Executive Secretary
Teacher Retirement System of Texas
Austin, Texas

Dear Mrs. Sapp:

> Opinion Number O-5672
> Re: Eligibility for member-
> ship in Teacher Retire-
> ment System of Texas of
> teachers engaged in work
> for which the employing
> agency receives reimburse-
> ment in whole or in part
> from Federal funds.

     Your letter of October 9th propounds the follow-
ing inquiries under the Teacher Retirement Act (Article
2922-1, Vernon's Annotated Civil Statutes, Chapter 470, Acts
of the Forty-fifth Legislature, as amended by Chapter 576,
Acts of the Forty-seventh Legislature):

> "If a teacher is employed by boards of
> common school districts, boards of independent
> school districts, county school boards, Retire-
> ment Board of Trustees, State Board of Education
> and State Department of Education, boards of
> regents of colleges and universities, and any
> other legally constituted board or agency of an
> educational institution or organization support-
> ed wholly or partly by the State, is teaching in
> any school instructing people in preparation for
> military service and if the salary for the said
> teacher is completely reimbursed by federal funds,
> and said reimbursement is kept intact for this
> purpose only, is said teacher eligible for member-
> ship in the Teacher Retirement System of Texas?

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Mrs. B. B. Sapp, page #2

"If funds received by an institution of
learning from federal sources and endowments
become part of the institution of learning's
budget does this money lose its identity and
become part of the school's money and would a
teacher being paid from a budget fed by these
various sources be eligible for Teacher Re-
tirement membership in the State of Texas?"

Section 3 of the Act limits membership of the Re-
tirement System to "teachers," and Subsection 3 of Section 1
defines the term "teacher," as used in the Act, as follows:

"'Teacher' shall mean a person employed
on a full time, regular salary basis by boards
of common school districts, boards of inde-
pendent school districts, county school boards,
Retirement Board of Trustees, State Board of
Education and State Department of Education,
boards of regents of colleges and universities,
and any other legally constituted board or a-
gency of an educational institution or organi-
zation supported wholly or partly by the State.
In all cases of doubt, the Retirement Board of
Trustees, hereinafter defined, shall determine
whether a person is a teacher as defined in this
Act. A teacher shall mean a person rendering
service to organized public education in pro-
fessional and business administration and super-
vision and in instruction, in public schools as
defined in Subsection (2) of this Section."

In our Opinion No. O-3399 we advised that a person
who was employed directly by the Federal Government, whose
salary was paid by the Federal Government, and whose services
were contracted for and controlled by a Federal agency, was
not a teacher entitled to participate in the benefits under
the Retirement Act, although he might be allowed to use public
school facilities in the performance of his duties, and al-
though the functions performed related to public instruction
and education.

Mrs. B. S. Sapp, page #3

Conversely, it is our opinion that if a person is employed on a full-time, regular salary basis by one of the school districts of this State, through action of its Board of Trustees, for the purpose of giving instruction in a public school of this State (as that term is defined in Subsection 2 of Section 1 of the Act), and responsibility for the payment of the stipulated compensation is a primary and direct liability of such school district, such a person is a "teacher," as that term is defined by the Teacher Retirement Act. The fact that the school district can, or that it does obtain moneys from the Federal Government reimbursing it in part or in full for the obligations incurred by it in the work, does not deprive the work of its public school character, does not render a teacher engaged in such work an employee of the Federal Government, and does not change or affect legal rights and liabilities under such a contract.

The same rule is applicable to contracts made by other boards or agencies named in Subsection 3 of Section 1 of the Act. The source of funds out of which an individual is paid is not the measure of whether his contract would make him a teacher within the Teacher Retirement Act. It is the fact that his services are contracted for by one of the boards or agencies listed in Subsection 3 of Section 1 that they control and direct the work that he does, that the person looks to, and that the state agency or subdivision is liable for his compensation, and that he is engaged in "rendering service to organized public education in professional and business administration and supervision and in instruction, in public schools as defined in Subsection (2)" of Section 1 of the Act, that constitutes such person a teacher within the meaning of the Act.

Your inquiries are so answered.

Very truly yours

ATTORNEY GENERAL OF TEXAS

Gaynor Kendall
Assistant

GK-s
C.C.R.